IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOHN RAYMOND CORNWELL**                                                                        **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 1:08cv1324-RHW**

**DAVID ALLISON, SHERIFF,** *et al.*                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## OF DISMISSAL PURSUANT TO FED. R. CIV. P. 41(b)

THIS MATTER COMES BEFORE THE COURT *sua sponte* for dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. By notice issued September 8, 2010, the Court set this matter for pretrial and settlement conference for 1:30 p.m., September 27, 2010. The notice was mailed to the Plaintiff at the last address he provided, and is presumed to have been received by him as it has not been returned to the Court as undeliverable. Counsel for the Defendants Timothy D. Seals and Gary (Rusty) Spear, Jr. appeared for the pretrial/settlement conference. Plaintiff neither appeared nor made any contact with the Court with reason for his failure to appear.

### Procedural History and Facts

John Cornwell filed this *pro se* prisoner's civil rights complaint on October 14, 2008, pursuant to 42 U.S.C. § 1983. On March 25, 2009, the Court conducted a hearing pursuant to 28 U.S.C. §1915A[1] to examine the allegations contained in the complaint. The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge in accordance with

---

[1] 28 U.S.C. §1915A. Screening.
(a) Screening. The Court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

28 U.S.C. § 636(c) and *Fed.R.Civ.P.* 73, and the case was reassigned to the undersigned for all further proceedings. [ 41] and [42]. On September 8, 2010, the Court entered [64] its memorandum opinion and order granting summary judgment for defendants David Allison and Pearl River County. Plaintiff neither responded, nor requested any extension of time to respond to the motion filed by those defendants, although the docket reflects that he was twice sent copies of the motion documents.[2] In fact, the last action taken by Plaintiff was his filing of [61] a notice of change of address on March 25, 2010. As of the date of this order, the Mississippi Department of Corrections web site lists Cornwell's location as "not applicable other custody/at large." Plaintiff has been repeatedly warned by previous orders of this Court that failure to advise the Court of a change of address could result in the dismissal of his case.[3]

## DISCUSSION

FED. R. CIV. P. 41(b) provides that, If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move for dismissal of any action." Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241 (5th Cir. 1980); *Lopez v. Arkansas County Independent School District*, 570 F.2d 541 (5th Cir. 1978). However, a rule 41(b) dismissal is an extreme sanction which is to be used only when the "plaintiff's conduct has

---

[2]The docket reflects that several items mailed to Cornwell were returned as undeliverable, including: [42] order entered 9/9/2009; [43] case management order entered 9/14/2009; [49] order entered 12/4/2009; [52], [53], and [54] copies of Defendants' motions and memorandum; [55] order entered 2/26/2010, and [60] order entered 3/23/2010. Cornwell filed a change of address [61] on March 25, 2010, and copies of all these items were again sent to him in April 2010. Still he filed no response to the present motions.

[3]See, [3] Order entered 10/16/2008; [5] Order entered 10/30/2008; [6] Order entered 10/30/2008; [8] Order entered 11/7/2008; [10] Order entered 12/8/2008; [12] Order entered 1/6/2009; and [49] order entered 12/4/2009.

threatened the integrity of the judicial process [in a way which leaves] the court no choice but to deny that plaintiff its benefits." *McNeal v. Papasan,* 842 F.2d 787, 790 (5th Cir.1988). In *Rogers v. Kroger Co.,* 669 F.2d 317 (5th Cir.1982) the Fifth Circuit surveyed the principles controlling Rule 41(b) dismissals with prejudice and stated, "A clear record of delay coupled with tried or futile lesser sanctions will justify a Rule 41(b) dismissal." *Id*. at 322. *Rogers* also listed three "aggravating elements" that usually accompany the two primary reasons for which the Rule 41(b) power is invoked. These three elements are "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Id*. at 320.

In *Ballard v. Carlson,* 82 F.2d 93 (4th Cir. 1989) the court of appeals affirmed a rule 41(b) dismissal of a civil rights action against prison officials based on the plaintiff's failure to obey a court order which required him to clarify charges against several defendants and which warned plaintiff that a recommendation of dismissal would result from his failure to obey the court's order. "Pro se litigants are entitled to some deference from courts. *See, e.g., Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). But they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard,* 882 F.2d at 96.

## **CONCLUSION**

The Court finds Plaintiff's failure to appear for a scheduled conference, along with his failure to comply with the Court's orders and to prosecute this case warrant dismissal pursuant to FED. R. CIV. P. 41(b). It is therefore,

3

**ORDERED AND ADJUDGED** that Plaintiff's Complaint is **DISMISSED** with prejudice, pursuant to FED. R. CIV. P. 41(b).

**SO ORDERED AND ADJUDGED** this the 27th day of September, 2010.

                                                 /s/ *Robert H. Walker*
                                                 ROBERT H. WALKER
                                                 UNITED STATES MAGISTRATE JUDGE